United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

v.

David Bluer,

      Defendant.
_____/

Case No. 2:24-cr-20134

Hon. Mark A. Goldsmith

## **GOVERNMENT'S SENTENCING MEMORANDUM**

On what should have been a typical Sunday morning, Pastor D.M. arrived at his Roseville, Michigan church to prepare for services. There, he found what no pastor or person should have to confront: racist graffiti—swastikas and the word "die"—spray-painted on the exterior of his church. The vandals had also signed their work, spraying the initials "JDS" alongside the other graffiti. The "D" represented the first initial of the defendant, David Bluer, who planned and led the vandalism of the church. Bluer had targeted this particular church because it serves a predominately Black congregation and is led by a Black pastor, Pastor D.M.

Such bias-motivated acts of hate devastate not only their direct victims, but also entire communities by instilling fear in members of a protected class that they, too, could be targeted because of the color of their skin, their religion, or another

1

protected characteristic. The unique and wide-reaching harm of bias-motivated crimes such as this one warrant meaningful punishment. For that reason and those below, the government seeks a Guideline sentence of 12 months' imprisonment.

**I.      BACKGROUND**

On October 23, 2021, David Bluer (then-31 years old) recruited two other individuals—"J" (then-19) and "S" (then-12)—to go on a drive with him, without providing a reason. During the drive, in the early morning hours of October 24, 2021, Bluer and the two other individuals arrived at a church in Roseville, Michigan. Bluer had specifically selected this church, and guided the two others there, because the church is a house of worship that serves a predominately Black congregation and has a Black pastor.

Once at the church, Bluer spray-painted racist graffiti on the exterior walls of the church and directed the two other individuals to do the same. For his part, Bluer spray-painted several swastikas, the word "die," and the "D" in "JDS." Bluer also directed the two others to spray-paint swastikas and their first initials "J" and "S" on the walls. Bluer did so, in part, by holding the spray-paint can in the 12-year-old's hand while forcing the minor to graffiti the walls.



*Vandalism of Roseville church*

After vandalizing the church, Bluer and the two other individuals went to Trombly Park, located a couple of miles away in Warren, Michigan. There, Bluer and the two others spray-painted the park's public restroom building with several swastikas, the initials "JDS," and the words "white power," "Kill Jews," "666," "KKK," "ni**er," and "DaviD KiLLS Ni**ERS."



*Vandalism of Trombly Park restroom building*

3

On March 13, 2024, Bluer was charged by indictment with one count of damage to religious property, in violation of 18 U.S.C. § 247(c) (Count One), and one count of interference with federally protected activities, in violation of 18 U.S.C. § 245(b)(2)(B) (Count Two). (ECF No. 1, PageID.1). On December 3, 2024, Bluer pleaded guilty to Count One pursuant to a Rule 11 plea agreement. (ECF No. 18, PageID.59).

## II.  SENTENCING GUIDELINES RANGE

The Probation Department applied the same Guidelines provisions that the parties jointly recommended in the plea agreement:

- Base offense level of 12 (§ 2H1.1)
- Using a minor to commit a crime, +2 (§ 3B1.1)
- Hate crime motivation, +3 (§ 3A1.1)

(PSR ¶ 91). Based on those figures and Bluer's criminal history category of IV, the Probation Department calculated Bluer's Guidelines range to be 27 to 33 months. (PSR ¶ 89). Because the statutory maximum penalty for Count One is 12 months, the Probation Department determined Bluer's Guideline term of imprisonment to be 12 months. (*Id.*).

## III.  SENTENCING RECOMMENDATION

A Guideline sentence of 12 months' imprisonment for this bias-motivated crime would be sufficient but not greater than necessary to comply with the

4

purposes set forth in 18 U.S.C. § 3553(a). There are no factors present that would justify a variance below a Guideline sentence.

> A. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

The nature and circumstances of Bluer's offense conduct justifies the term of imprisonment that the government seeks. Bluer pleaded guilty to a hate crime: intentionally damaging religious property because of the race or color of individuals associated with that religious property. Bluer selected the Roseville church because of the church's Black congregants and pastor. He defaced the church with well-known symbols of white supremacy and the word "die" because he sought to terrify a community based on the color of their skin. And that terror was not limited to the church's pastor and congregants—because the vandalism was predictably covered on the news, Bluer's threat of hate and violence was carried across Michigan. That conduct cannot be tolerated in a civil society, and the pain the defendant inflicted requires serious punishment.

Bluer's conduct is even more reprehensible because he recruited and pressured two younger individuals, including a minor, to be his accomplices. At the time of the offense, Bluer was a grown man at age 31. He coerced and corrupted his younger accomplices, one of whom was just 12 years old, into committing bias-motivated conduct that embroiled them in a federal criminal investigation. On top of that, Bluer not only planned and directed the defacing of

5

the church—he also planned and directed the racist, threatening vandalism of the building at Trombly Park the same night, including by spray-painting the terrifying phrase "DaviD KiLLS Ni**ERS" in a public park. Bluer also committed the offense while he was a fugitive in two pending criminal cases. (PSR ¶ 109).

This is not a case of mere vandalism. Bluer specifically targeted a house of worship because of the race or color of the congregants and their pastor, coerced his younger accomplices into joining his vile conduct, and did all of this while a fugitive from the law. His conduct should be punished with a sentence that reflects the seriousness of his offense.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense (18 U.S.C. § 3553(a)(2)(A))

Based on the offense characteristics and the defendant's criminal history, Bluer's sentencing Guidelines range would have been 27 to 33 months. But the statutory maximum penalty for the offense of conviction limits the Guidelines range to 12 months. A sentence of 12 months in prison—which is 15 to 21 months lower than the sentence that would otherwise be warranted—would properly reflect the seriousness of Bluer's offense, promote respect for the law, and provide just punishment for Bluer's conduct, which victimized an entire church community, as well as the broader Black community in Michigan. A lesser sentence would risk sending the message that bias-motivated crimes are not

deserving of the punishment that Congress and the Sentencing Commission have deemed to be the just and appropriate penalty.

> **C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public (18 U.S.C. §§ 3553(a)(2)(B) and (a)(2)(C))**

Bluer's criminal history demonstrates the need for a serious sentence to deter the defendant from continuing to commit crimes. The consistency and nature of the defendant's past criminal conduct is troubling. At the age of 24, Bluer was convicted of aggravated assault after repeatedly punching his victim, causing the victim to sustain a fractured nose, fractured orbital bone, fractured cheek bone, and a large laceration on his head. (PSR ¶ 31). A few years later, Bluer failed to report an accident after he flipped and abandoned his vehicle. (PSR ¶ 32). After that, he was convicted of a felony for carrying a concealed weapon (CCW) and misdemeanor convictions for operating while intoxicated and possessing a firearm while under the influence, after police officers found him drunk and passed out in the driver seat of a vehicle with a gun in his lap. (PSR ¶ 33). Just one month after the CCW offense, Bluer committed a felony home invasion, where he broke into the victim's home using a sledgehammer; told the victim "run coward"; destroyed the victim's computer, computer equipment, desk, and lamp; and stole the victim's wallet. (PSR ¶ 34). During the pendency of the CCW and home invasion cases, Bluer also failed to appear for numerous court hearings and, while on warrant

status, committed the offense in this case. (PSR ¶¶ 33–34). Finally, while on probation for his state criminal misconduct, Bluer illegally possessed and shot firearms and was eventually arrested and convicted in federal court for being a felon in possession of a firearm. (PSR ¶ 35).

Troublingly, while substance abuse appears to have been a common factor in Bluer's criminal conduct, Bluer claimed in an interview with Probation that he last consumed alcohol in June 2021—a claim that is sharply at odds with other evidence (including Bluer's own admission) that he was still drinking at least as of the instant offense conduct in October 2021. (PSR ¶ 66). Bluer also made an evidently false statement to Probation concerning his recent marijuana use and failed to disclose the full breadth of his drug use. (PSR ¶¶ 67, 70).

Bluer's pattern of criminal activity demonstrates that he has long been a danger to the public. And Bluer's refusal to be forthcoming with Probation about his history of substance abuse supports that he will continue to pose a danger to the public without appropriate punishment. Put simply, a sentence of less than 12 months would send the wrong message to Bluer that he can continue to lie and escape the full consequences of his serious misconduct. Given the extent of Bluer's criminal history, and the evidence that he has yet to fully accept the seriousness of his repeat misconduct, a 12-month Guideline sentence is needed to both deter future misconduct by Bluer and to protect the public from him.

## IV. CONCLUSION

This is a serious offense that warrants a Guideline sentence for the reasons set forth above. The government therefore respectfully requests that this Court impose a sentence of 12 months' imprisonment.

                                                Respectfully Submitted,

                                                JULIE A. BECK
                                                Acting United States Attorney

                                                s/ *Frances Lee Carlson*
                                                Frances Lee Carlson
                                                Assistant United States Attorney
                                                211 West Fort Street, Suite 2001
                                                Detroit, Michigan 48226-3211
                                                (313) 226-9696
                                                frances.carlson@usdoj.gov

                                                s/ *Erin Monju*
                                                Erin Monju
                                                Trial Attorney
                                                Civil Rights Division, USDOJ
                                                150 M St. NE
                                                Washington, DC 20002
                                                (202) 305-5601
                                                erin.monju@usdoj.gov

Dated: March 12, 2025

9

CERTIFICATE OF SERVICE

I certify that on Wednesday, March 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brandy Robinson
brandy_robinson@fd.org

                                             s/ *Frances Lee Carlson*
                                             Frances Lee Carlson
                                             Assistant United States Attorney